L. L. Davidson Estate *v*. Weeks, Constable.

(*Jackson.* April Term, 1934.)

Opinion filed May 31, 1934.

W. W. Herron, of Trenton, and D. E. Mitchell, of Henderson, for plaintiff in error.

JERE I. GALBRAITH, of Henderson, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

L. L. Davidson Estate, referred to as plaintiff, was a merchant at Dyer, Gibson County, Tennessee, engaged in the wholesale produce business. As such it paid the tax assessed against merchants by section 1, article 3, item 57, chapter 13, Public Acts, Second Extra Session, 1931. From its place of business at Dyer it distributed fruits and produce. In January, 1933, the county court clerk of Chester County, upon information that plaintiff was exercising the privilege of a peddler of fruits and produce, issued a distress warrant to enforce payment of the tax imposed on peddlers by item 57 of the act mentioned. The warrant was executed by H. E. Weeks, a constable, referred to as the defendant, by levy upon plaintiff's truck used in delivering produce. The plaintiff reclaimed the truck in an action of replevin before a justice of the peace and the case finally reached the circuit court, from which it comes on appeal from a judgment dismissing the replevin suit.

It appears from the evidence that plaintiff sent out a salesman or soliciting agent who took orders from merchants for fruits or produce for future delivery. The goods were delivered by truck sent out from Dyer on Tuesday and Thursday of each week. Plaintiff's salesman or soliciting agent made his trips on the truck and on each trip took the orders which he carried back to Dyer, delivered to the house, where they were filled and sent out on the succeeding trip. This evidence is undisputed.

The testimony of Aud Creasey about the bananas or-

dered by Bridges and delivered by plaintiff to Bridges and subsequently distributed by Creasey to Bridges' customers; and of Hooper Weaver, the son of a merchant at Henderson, about a box of apples which he claims to have been bought from the truck on December 10, 1932; and of W. S. Tarpley about a box of grapes which he says were delivered two weeks after he gave the order for them—cannot be found to contradict the evidence offered by plaintiff when considered in the light of explanatory proof.

The trial judge did not rest his decision upon evidence of these three witnesses, but upon the conclusion that the orders taken by plaintiff's salesman, Allie Webb, for the future delivery of produce, were not enforceable contracts, because they could be countermanded or rescinded before delivery. That proposition is not determinative of the question of whether or not plaintiff was engaged in the business of concurrently delivering and selling its produce from its truck in Chester County. *See Swift & Co. v. State,* 165 Tenn., 261, 55 S. W. (2d), 267.

The plaintiff's salesman took orders for the produce on one trip and the orders so taken were returned to plaintiff's business house at Dyer, where they were filled by loading into the truck for delivery on the next succeeding regular trip. If merchants who had ordered produce refused to take it, it was the plaintiff's uniform custom to carry such rejected goods back to Dyer. Under such circumstances, plaintiff was not engaged in the business of a peddler and could not be taxed as such.

The judgment of the trial court must be reversed, and judgment entered here for plaintiff.